OPINION
Defendant-appellant, Jason L. Taylor, appeals a decision by the Clermont County Court of Common Pleas imposing a prison term upon him following the revocation of his community control sanction.
Appellant was indicted in 1999 on one count of corruption of a minor in violation of R.C. 2907.04(A), a fourth degree felony. Pursuant to a plea bargain, appellant subsequently pled guilty to one count of attempted corruption of a minor in violation of R.C. 2907.04(A) and 2923.02(A), a fifth degree felony. In September 1999, following a sentencing hearing, the trial court sentenced appellant to three years of community control. By entry filed April 26, 2000, appellant was found guilty of violating the terms of his community control sanction. Appellant had failed to comply with six conditions of his community control sanction, including the requirement that he not have unsupervised contact with minors. The trial court revoked appellant's community control sanction and sentenced him to an eleven-month prison term. This appeal follows.
In his sole assignment of error, appellant argues that the trial court erred when it sentenced him to a prison term after revoking his community control sanction. Appellant first contends that the trial court violated R.C. 2929.19(B)(5) by failing to notify him at the original sentencing hearing that he would be sentenced to prison for eleven months if he violated his community control sanction. Second, appellant contends that the trial court failed to make any of the statutory findings required under R.C. 2929.13(B) before sending a first time offender to prison for a fifth degree felony.
We begin with appellant's contention that the trial court violated R.C. 2929.19(B)(5) at the original sentencing hearing.
R.C. 2929.19(B)(5) provides that
 If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C.] 2929.14[.] (Emphasis added.)
R.C. 2929.15(B), in turn, provides in relevant part that
 If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction * * *, may impose a more restrictive sanction * * *, or may impose a prison term on the offender pursuant to [R.C.] 2929.14. * * * The prison term, if any, shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C.] 2929.19 (B)(3) [sic]. (Emphasis added.)
Unlike appellant, we do not believe that a sentencing court is required to notify a defendant of the exact prison term that will be imposed as a sanction for violating a community control sanction. R.C. 2929.15(B) provides that while a community control violator may be sentenced to prison, any prison sentence imposed "shall not exceed the prison term specified in the notice provided to the [violator] at the sentencing hearing[.]" While R.C. 2929.15(B) clearly prevents a sentencing court from "sentenc[ing] a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing," State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, 1999 Ohio App. LEXIS 6543, at *10, unreported, there is no similar language preventing the court from sentencing the violator to a lesser prison term than originally notified at the sentencing hearing.
The goal of R.C. 2929.19(B)(5) is clearly to put a defendant on notice, at the time of the original sentencing hearing, of a possible prison time which could be imposed should the defendant violate his community control sanction. We believe that a reading in pari materia of both R.C. 2929.15(B) and 2929.19(B)(5) supports our analysis. Had the legislature intended to require a sentencing court to notify a defendant of the exact prison term that would be imposed as a sanction for violating a community control sanction, it could have by replacing the "shall indicate the specific prison term that may be imposed" language of R.C. 2929.19(B)(5) by "shall indicate the specific prison term that willbe imposed."
That being said, we now consider whether appellant was properly notified of the specific prison term that would be imposed for violating community control sanction. During the guilty plea hearing, the trial court advised appellant as follows:
 And as an attempt to corrupt a minor this is a felony of the fifth degree and carries a possible sentence of from six to twelve months incarceration in a state institution, it carries a possible maximum fine of $2,500, or both.
* * *
 You also understand that if I place you on a community control or probation and you violate any term or condition of that, that I could impose up to the maximum sentence of twelve months. * * * (Emphasis added.)
During the original sentencing hearing, the trial court again advised appellant that
 This case, in reviewing the factors set forth in the statutes of Ohio, * * * though it's a felony of the fifth degree, the Court can overcome the presumption against incarcerating you in a state penitentiary by virtue of the fact this is a sex offense, and by virtue of that alone the Court can send you to prison for twelve months[.]
* * *
 I don't want to mislead you either. This isn't going to be easy, and you may not like some of the things you have to do, but you're going to do them or you'll be back in front of me with respect to your violation of your probation and community control, and frankly I'm only going to give you one chance here, do you understand?
* * *
 Don't let us down, Mr. Taylor, don't let yourself down, because the next step is being locked up for a year on this charge. * * * (Emphasis added.)
The original judgment entry sentencing appellant to community control, in turn, plainly and clearly warned appellant that "violation of any of this sentence shall lead to more restrictive sanctions, longer control sanctions, or a prison term of up to twelve (12) months." (Emphasissic.)
The trial court's admonitions both at the guilty plea and sentencing hearings, and the original judgment entry sentencing appellant to community control clearly put appellant on notice that if he violated his community control sanction, he could be sentenced to up to twelve months. We perceive no prejudice to appellant caused by the trial court's imposition of a shorter sentence than the one the court warned appellant about. In light of the foregoing, we therefore find that the trial court properly notified appellant, in compliance with R.C. 2929.19(B)(5), that a prison term could be imposed for violating the conditions of his community control sanction.
Appellant also contends that the trial court failed to make any of the statutory findings required under R.C. 2929.13(B) before sending him, a first-time offender, to prison for a fifth degree felony.
Contrary to appellant's assertion, "a trial court need not follow the provisions of R.C. 2929.13(B) when sentencing an offender who has violated the conditions of a community-control sanction." State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, 1999 Ohio App. LEXIS 3842, at *4, unreported. As previously noted, R.C. 2929.15(B) provides that if an offender violates the terms of his community control sanction, the trial court "may impose a prison term on the offender pursuant to [R.C] 2929.14[.]" Absent any reference to other statutory provisions of R.C. Chapter 2929, it follows that sentencing courts are only required to comply with R.C. 2929.14(B) prior to the imposition of a prison term for a community control sanction violation. See State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported.
R.C. 2929.14(B) provides that
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14(A)], unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In its judgment entry revoking community control, the trial court specifically found that "pursuant to [R.C.] 2929.14(B) * * * the shortest prison term will demean the seriousness of the Defendant's conduct and that the shortest prison term will not adequately protect the public from future crime by the Defendant or others." We therefore find that the trial court properly followed the statutory requirements of R.C. 2929.14(B) and 2929.15(B) when it imposed a prison term on appellant for violating his community control sanction.
Even assuming, arguendo, that the trial court was also required to make findings pursuant to R.C. 2929.13(B), we find that it did. R.C. 2929.13(B) provides that
 (1) [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; * * *
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony in violation of * * * [R.C] 2907.04 * * *.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
 (2)(a) If the court makes a finding described in [R.C. 2929](B) (1)(a), (b), (c), (d), (e), (f), (g), or (h) * * * and if the court after considering the factors set forth in [R.C.] 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C.] 2929.11 and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
Appellant was convicted of attempted corruption of a minor, a fifth degree felony, in violation of R.C. 2923.02 and 2907.04(A). During the original sentencing hearing, while advising appellant about the possible maximum prison term for such an offense, the trial court noted that such offense was "a sex offense." Thereafter, in its judgment entry revoking appellant's community control sanction, the trial court referred to appellant's conviction. It then went on to find that
 [f]or reasons stated on the record, and after considering the factors under [R.C.] 2929.12, the Court finds that community control sanctions are no longer consistent with the purposes and principles of sentencing in [R.C.] 2929.11; that prison is consistent with the purposes and principles of sentencing in [R.C.] 2929.11; and that the Defendant is no longer amenable to available community control sanctions.
In light of all of the foregoing, we find that the trial court properly followed all of the applicable statutory requirements when it revoked appellant's community control sanction and imposed a prison term. We therefore hold that the trial court did not err when it sentenced appellant to an eleven-month prison term after revoking his community control sanction. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.